OPINION
{¶ 1} On November 22, 2005, appellant, John Tyson, was charged with domestic violence in violation of R.C. 2919.25. Said charge arose from an incident involving appellant's wife, Carol Tyson.
 {¶ 2} A bench trial commenced on March 28, 2006. Appellant moved for a Crim.R. 29 motion for acquittal at the end of the state's case-in-chief and again at the conclusion of the trial. The trial court denied both motions. By journal entry filed May 23, 2006, the trial court found appellant guilty, and sentenced him to one hundred eighty days in jail, one hundred fifty days suspended.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT BY FAILING TO GRANT HIS CRIMINAL RULE 29 MOTIONS FOR JUDGMENT OF ACQUITTAL, BOTH AT THE CLOSE OF THE STATE'S CASE IN *Page 3 
CHIEF AND AT THE CLOSE OF DEFENDANT'S CASE IN CHIEF, RESULTING IN HIS CONVICTION BEING AGAINST THE SUFFICIENCY OF THE EVIDENCE."
 II {¶ 5} "THE TRIAL COURT ERRED AS A MATTER OF LAW, TO THE PREJUDICE OF DEFENDANT-APPELLANT, WHEN IT CONVICTED HIM OF ONE COUNT OF DOMESTIC VIOLENCE BECAUSE SAID CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I, II {¶ 6} In these assignments of error, appellant claims the trial court erred in denying his motions for acquittal pursuant to Crim.R. 29, and the verdict was against the manifest weight of the evidence. We disagree.
 {¶ 7} Crim.R. 29 governs motion for acquittal. Subsection (A) states the following:
 {¶ 8} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
 {¶ 9} The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus: *Page 4 
 {¶ 10} "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
 {¶ 11} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 12} Appellant was convicted of domestic violence in violation of R.C. 2919.25(A) which states, "No person shall knowingly cause or attempt to cause physical harm to a family or household member."
 {¶ 13} Appellant argues the evidence was insufficient to substantiate the guilty finding that he harmed his wife. Appellant points to inconsistencies in his wife's statements, and her apparent offering of three reasons of why she fell down the stairs: 1) she slipped because of a loose banister, 2) appellant pushed her, or 3) she tripped over her dogs.
 {¶ 14} The victim testified about the incident as follows:
 {¶ 15} "A. John came home, and we were arguing about something. We were at the top of the stairs, the — the two little dogs were right there by our feet. And I thought *Page 5 
he pushed me down the stairs. Since that, the whole banister has come apart, and that would — and that's what makes me think that, you know, maybe he didn't, or I slipped or-" T. at 13-14.
 {¶ 16} The victim admitted to drinking the day of the incident, and admitted to being an alcoholic. T. at 15, 26. She testified she believed appellant pushed her because she did not walk down the stairs. T. at 16. She testified she felt a shove, but did not see appellant shove her. T. at 22.
 {¶ 17} After the incident, the victim offered to appellant to change her story to say she slipped and fell. T. at 26. One of the explanations, the loose banister, was not discovered until three months after the victim's fall. T. at 30, 35.
 {¶ 18} The victim told the police and the emergency room personnel that appellant had pushed her down the stairs. T. at 33, 61.
 {¶ 19} Given the state of the evidence at the close of the state's case-in-chief, we find the trial court did not err in denying appellant's Crim.R. 29 motion for acquittal.
 {¶ 20} In his defense, appellant presented the testimony of his co-worker, Tyler Hart, who testified the victim told him she had fallen down the stairs. T. at 76. Apparently, the victim's mother had called appellant to check on the victim. T. at 75. When appellant discovered appellant had fallen, he called Mr. Hart for advice. Id. Mr. Hart told appellant to take the victim to the hospital. T. at 76. Appellant told his sister the victim had fallen and he had taken her to the hospital. T. at 85.
 {¶ 21} Appellant testified on his own behalf. He stated the victim had called him and she had been drinking. T. at 94. The victim told him she had slipped and fallen down the stairs. T. at 94-95. Appellant finished working and while he was en route to *Page 6 
the victim, the victim's mother called him and asked him to check on her. T. at 95-96. Appellant went to the residence and found the victim already injured. T. at 99-101. Appellant took her to the emergency room, waited, went to eat, and then returned to pick her up. T. at 102-105. Appellant stated the victim told him in January after the incident that she had slipped and fallen outside and "also, that upon entering the house that she had tripped over the dogs and fell downstairs." T. at 108.
 {¶ 22} Appellant argues after hearing all of the evidence, the trial court, as the trier of fact, lost its way and centered its decision on appellant's denial of being at the residence at the time of the fall. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990),49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 23} As the trier of fact, the trial court chose to disbelieve appellant's testimony, which was in its right to do. The other witnesses offered to substantiate appellant's theory did not testify as to anything they saw, but just to what was said to them by appellant and the victim after the fall.
 {¶ 24} Upon review, we cannot find the weight of the evidence was against a finding of guilty. The trial court had the option to believe all or part of the testimony from any of the witnesses. Viewed as a whole, we find sufficient evidence to support the trial court's decision beyond a reasonable doubt, and find no manifest miscarriage of justice.
 {¶ 25} Assignments of Error I and II are denied.
 {¶ 26} The judgment of the Municipal Court of Fairfield County, Ohio is hereby affirmed. *Page 7 
Wise, J. and Delaney, J. concur.
 JUDGMENT ENTRY *Page 8 
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Fairfield County, Ohio is affirmed. *Page 1